# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Edward Krasnansky,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>Equifax Information Services, LLC; and Trans Union, LLC;<br><br>　　　　　　Defendant(s). | Case No. 3:25-cv-00842<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through counsel, as and for this Complaint against Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") (Equifax and Trans Union each a "Bureau," collectively "Bureaus") respectfully sets forth, complains and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Duval.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Trans Union, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. TransUnion is a Delaware corporation registered to do business in this State.

13. TransUnion may be served with process upon its registered agent at c/o Corporation Service Company, 1201 Hays Street, Tallassee, FL 32301.

14. TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates the above allegations as if set forth here.

17. Plaintiff allegedly has or had an accounts with non-party Synchrony Bank and Dell Financial Services (Synchrony Bank and Dell Financial Services each a "Furnisher" and collectively "Furnishers") (each account an "Account" and collectively, "Accounts").

18. Each Account was showing Plaintiff as "Deceased".

19. On information and belief, on a date better known to each Bureau, it prepared and issued consumer reports concerning the Plaintiff that included one or more of the Accounts.

20. Plaintiff is not exactly certain of the precise timeline of events here and alleges the following to the best of his knowledge and belief.

21. It appears that for many months each Defendant has been reporting Plaintiff as deceased.

22. Plaintiff is not deceased.

23. Plaintiff is very much alive.

3

24. The reporting of him being deceased is inaccurate.

25. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce's National Technical Information Service (NTIS) a public file of death information.

26. NTIS distributes the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including consumer reporting agencies.

27. Upon information and belief, each Bureau has a data exchange agreement with the SSA and/or NTIS to receive updated death information.

28. Upon information and belief, Defendant failed to cross-check the DMF to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

29. Had each Bureau maintained reasonable procedures it would have realized that Plaintiff is not deceased.

30. Had each Bureau attempted to timely verify if Plaintiff was deceased, it would have realized he was in fact alive.

31. Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

32. The information described above and published by each Bureau was inaccurate.

33. Despite the falsity and their implicit knowledge thereof, each Defendant continued to report false and inaccurate adverse information on the consumer report of the Plaintiff.

34. Last year Plaintiff called each Bureau and disputed that he was deceased ("First Dispute").

35. Despite this, each Bureau did not remove the deceased reporting.

36. Plaintiff then called each Bureau again ("Second Dispute") ( First Dispute and Second Dispute, each a "Dispute" and collectively "Disputes").

37. A reasonable investigation by each Bureau would have revealed that Plaintiff was not deceased and that he was being incorrectly reported.

38. Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation within 30 days of receiving Plaintiff's Dispute(s).

39. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to each Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then each Bureau failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from each Furnisher.

40. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

41. Notwithstanding this, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

42. Each Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

43. Defendant knew or had reason to know the information was inaccurate.

44. At minimum, each Defendant demonstrated a reckless disregard for the true facts.

45. These actions by each Defendant caused damage to Plaintiff.

### Damages

46. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

47. Each Defendant's erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

48. Plaintiff suffered damage to his reputation as it falsely appeared as if he was deceased.

49. A deceased person is unable to obtain credit.

50. A deceased person does not have a credit score.

51. This falsity was published to numerous third parties.

52. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's financial affairs.

53. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased (or complete lack of) credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having

6

false information on his credit report, for credit denial, and for having others see the false credit information.

54. At many times during this ordeal, Plaintiff did not have a credit score or credit report.

55. A lack of credit score or report here is because Plaintiff was marked as deceased.

56. Plaintiff was unable to obtain funding due to each Defendant's actions.

57. Due to each Defendant's actions, Plaintiff was unable to secure the necessary credit.

58. Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

59. Being reported as deceased increased his levels of stress and anxiety.

60. Having multi-billion-dollar corporations refuse to acknowledge you are very much alive, while they recklessly continue to report you as deceased, increased his anxiety and stress to even greater, unbearable, levels.

61. Plaintiff was unable to obtain credit from Vystar Credit Union at least twice, due in whole or in part to Trans Union's actions described above.

62. Plaintiff was unable to obtain credit from Eaglemark due in whole or in part to Trans Union's actions described above.

63. When Plaintiff attempted to obtain credit from Achieve and Pennie Management, he was approved but at financially disadvantageous rates due in whole or in part to Equifax's actions described above.

7

64. Plaintiff also was seeking credit to purchase an RV to upgrade his living space, but was unable to do so due in whole or in part to Equifax's actions described above.

65. Each Bureau also published this defamatory information to multiple entities, damaging Plaintiff's reputation.

## FIRST CAUSE OF ACTION
**(Violations of the FCRA as to each Bureau)**

66. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

67. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

68. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

69. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

70. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

71. Each Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

72. The failure of each Bureau to comply with the Act include but is not necessarily limited to:

> a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
>
> b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
>
> c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;
>
> d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
>
> e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;
>
> f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and
>
> g) The failure to provide notice of a dispute to the Furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher in response to a dispute.

73. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

74. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

75. In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

77. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## **DEMAND FOR TRIAL BY JURY**

78. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

10

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  July 25, 2025

/s/ Aleksandra Kravets
Aleksandra Kravets, Esq.
Aleksandra Kravets, Esq. P.A.
865 SW 113 Lane
Pembroke Pines, FL, 33025
Phone: 347-268-9533
Fax: 929-333-7774
Email: ak@akesqpa.com

Eliyahu Babad, Esq.
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
*Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff*

11